IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITY OF GARDEN CITY, KANSAS;
FINNEY COUNTY, KANSAS;
MARK J. DINKEL;
GARY E. FULLER; AND
CECIL O'BRATE,

        Plaintiffs,

vs.

Case No. 09-1258-JTM

W. CRAIG FUGATE,
In His Capacity as Administrator of the
FEDERAL EMERGENCY MANAGEMENT
AGENCY,

        Defendant.

MEMORANDUM AND ORDER

This is an action by plaintiffs seeking injunctive relief preventing the defendant Administrator of the Federal Emergency Management Agency (FEMA) from designating as Special Flood Hazard Areas certain lands within Garden City and Finney County. These designations, rendered under the National Flood Insurance Program (NFIP), a federally-subsidized program promulgated pursuant to the National Flood Insurance Act (NFIA), 42 U.S.C. §§ 4001-4129.

Plaintiffs filed a motion for preliminary injunction (Dkt. 3), but a hearing on the motion was suspended after the defendant announced it would further review the proposed designation. The

matter is now before the court on defendant's Motion to Dismiss, arguing that the plaintiffs have failed to exhaust their administrative remedies.

This action arose after FEMA began a review study of the flood areas in Finney County, and issued a preliminary Digital Flood Insurance Rate Map (DFIRM) and preliminary Flood Insurance Study (FIS) for the areas in the County on September 23, 2008. The new map and study showed certain areas as Special Flood Hazard Areas. In the same letter announcing the new map and study, FEMA stated that communities had 30 days to suggest "non-technical" changes in the report. (Plf. Exh. N, O). Because the new map and study did not alter the existing Base Flood Elevations (BFEs), FEMA refused to grant a 90-day appeal period.

On October 20, 2008, the City submitted additional technical data as to land contours, along with letters from local residents.

FEMA responded by stating that it would treat this information as a protest to the proposed plan, and it would consider changes to the proposed study and map. Subsequently, FEMA revised incorrect corporate limits for the City of Holcomb and incorrect flood plain boundaries along the Arkansas River. On January 29, 2009, FEMA told the City and County that "some of the changes requested by the County had been made" and enclosed additional map panels which showed the changes. (Plf. Exh. V, W). On March 25, FEMA wrote to the City and County stating that it had addressed all local comments, and that the proposed map and study would become effective on September 25, 2009.

The City and County then asked FEMA to restart the FIS process, using different procedures and different data. FEMA refused. On August 27, 2009, plaintiffs filed their Complaint, arguing that FEMA's actions violated due process.

In late August and early September of 2009, FEMA stated that it should have issued a 90-day notice period prior to the effective date for the new map, and announced it would rescind the final decision contained in the March 25 letter, and then restart the six-month notice period under 44 C.F.R. § 59.24. In addition, it would allow a 90-day appeal period after appropriate publication pursuant to 42 U.S.C. § 4104. On September 16, 2009, FEMA issued letters to the City and County officially rescinding the revised DFIRM and FIS report. FEMA stated that parties would be allowed to appeal under 44 C.F.R. § 67.6, and if they are dissatisfied with the determination and they meet the appeal criteria set forth in the regulation, they will have the right to appeal to this Court under 44 C.F.R. § 67.12.

Although FEMA rescinded its revised DFIRM and FIS report, it has stated that "all engineering data and flood hazard information upon which the determination was made currently remains valid, and remains as it appears on the preliminary DFIRM." (Def. Exh. B). At the present time, the original DFIRM is in effect.

FEMA filed the present motion after the plaintiffs refused to voluntarily dismiss the case. It argues that the action should be dismissed under Fed.R.Civ.Pr. 12(b)(1) or 12(b)(6), because the plaintiffs' claim is moot in light of its decision to rescind the prior final determination, and because it has specifically provided for a 90-day appeal period upon any subsequent final decision. It also argues that in light of these new provisions, the plaintiffs have failed to exhaust their administrative remedies.

The plaintiffs argue that dismissal is inappropriate on several grounds. First, they object to any use of documents outside the pleadings as inappropriate in resolving a motion to dismiss. Second, they argue that the case is not moot, because it has challenged the failure of FEMA to

3

effectively consult with local entities during the study process, and that FEMA's decision to rescind the final adoption of the preliminary map and study is merely a commitment to "restart in the middle and go forward" without addressing the original lack of consultation. (Dkt. 1 at 9). Third, it contends that appeal rights under 42 U.S.C. § 4104 are limited and unsatisfactory. They generally argue that they have exhausted all available administrative remedies.

The court finds that it may appropriately address the issue of mootness, since the existence of an actual case or controversy remains a condition of the court's continuing jurisdiction throughout the action. *See Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1245-46 (10th Cir. 2009) ("plaintiff must possess a personal interest in the outcome of a case at all stages of the proceedings").

Further, the court may appropriately take account to the materials cited by FEMA. The plaintiffs cite *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) in support of their contention that ordinarily matters outside the pleadings should not be considered in resolving a motion to dismiss, but that decision explicitly notes that such materials may be considered where they are essential to the plaintiffs' case and where there is no substantial question as to the materials' authenticity. Here, the court finds that the communications between the parties are directly material to the question of the existence of a case or controversy, and no valid question of authenticity has been lodged against those communications.

The plaintiffs correctly observe that 42 U.S.C. § 4107 provides that FEMA should consult with local officials during the study process, and specifically provides that the consultation should begin "at the commencement of any flood elevation study or investigation" and should include information about "the nature and purpose of the study, the areas involved, the manner in which the study is to be undertaken, the general principles to be applied, and the use to be made of the data

4

obtained." This section, however, provides no means for appellate review and contains no indication that the rights provided are separately enforceable, unlike the provisions in 42 U.S.C. § 4104.

Section 4104 provides specific rights, and a specific means of both administrative appeal and judicial review. 42 U.S.C. § 4104(e) and (g). However, the rights granted under § 4104(e) are specifically limited: communities aggrieved by a decision may submit an appeal providing "technical or scientific data ... tend[ing] to negate or contradict the information on which [FEMA's] decision is based." *See Columbia Venture LLC v. South Carolina Wildlife Fed.*, 562 F.3d 290, 294 (4th Cir. 2009) (noting "sole ground" for appeal under § 4104(b)). Subsection (e) requires that FEMA must "review and fully take into account" the new information.

In *Columbia Venture*, the plaintiff developer alleged that a revised flood plan was void because FEMA failed to comply with the notice requirements of 42 U.S.C. § 4104. The district court agreed, and struck down the revised flood elevation decision by FEMA for the failure to provide the statutory notice. The Fourth Circuit vacated that decision, holding that any lack of notice was harmless, since the plaintiff

> was deeply involved in the administrative process from the beginning, received actual knowledge of each development, had ample opportunity to be heard, and submitted voluminous data challenging the technical and scientific underpinnings of FEMA's conclusions. It also participated in the initial public meeting in August 1999 and held multiple private meetings with FEMA decision-makers along the way.

562 F.3d at 294-95.

The court finds that the action is presently moot, since plaintiffs are restricted under the statutory provisions to appeals under § 4104. Further, any violation of the general provisions of § 4107 is harmless, since FEMA's prior administrative decision has been withdrawn, and plaintiffs will be able to place new scientific or technical data before FEMA prior to any further action.

5

Further, the record shows that, although they may have been excluded at the inception of the review process, the plaintiffs have vigorously defended their interests and those of their citizens for two years, and their rights to present additional technical or scientific data are protected under Section 4104. As noted earlier, under that provision, FEMA must "fully take into account" all additional data presented by the plaintiffs.

The court finds that the present action should be dismissed as moot.

IT IS ACCORDINGLY ORDERED this 18th day of February, 2010 that the defendant's Motion to Dismiss (Dkt. 7) is granted for the reasons provided herein.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE